UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL HEINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4891** |
| **UNITED PROPERTY AND CASUALTY INSURANCE CO.** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court is plaintiff Michael Heine's ("Plaintiff") "Motion for Leave to File First Supplemental and/or Amended Complaint" ("Motion for Leave") **(R. Doc. 23)**, wherein Plaintiff moves the Court for an order allowing Plaintiff to file a first amended complaint adding Louisiana Insurance Guaranty Association ("LIGA") as a party defendant in the above-captioned case; and "Memorandum in Support of Motion for Leave" (R. Doc. 23-2), wherein Plaintiff addresses the effect of adding LIGA as a party-defendant on this Court's jurisdiction over this case under 28 U.S.C. § 1332.

First considering Plaintiff's Motion for Leave (R. Doc. 23), **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave is **GRANTED**, permitting Plaintiff to amend his Complaint to add LIGA as a party defendant in the above-captioned case. Accordingly, Plaintiff's proposed, attached "First Supplemental and Amended Complaint" (R. Doc. 23-4) shall be **FILED** into the record of the above-captioned case.

Next considering Plaintiff's Memorandum in Support of Motion for Leave (R. Doc. 23-2), **IT IS FURTHER ORDERED** that, for the following reasons, the above-captioned case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

On December 4, 2022, Plaintiff filed his Complaint **in this Court** against defendant-insurer United Property & Casualty Insurance Company ("UPC"), alleging damage to his Avondale,

Louisiana property from Hurricane Ida.[1] Plaintiff's original Complaint asserts federal jurisdiction through 28 U.S.C. § 1332 "because there is complete diversity of citizenship as between [Plaintiff and UPC], and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[2] As for diversity of citizenship, Plaintiff's original Complaint specifically alleges that Plaintiff is a citizen of Louisiana, and UPC is a citizen of Florida.[3]

On May 14, 2024, filed the instant Motion for Leave, seeking to add LIGA as a party defendant in this matter, which we granted by way of this Order *supra*. Plaintiff's Memorandum in Support of Motion for Leave addresses the effect of adding LIGA as a party defendant in this case.[4] Thus, we now address the effect of adding LIGA as a party defendant in this case.

As previously noted, this action is brought with subject matter jurisdiction through 28 U.S.C. § 1332, which requires an amount in controversy exceeding $75,000 and diversity of citizenship of parties. 28 U.S.C. § 1332(a). Diversity of citizenship must be complete, that is, where "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted). For purposes of diversity subject-matter jurisdiction, "[c]itizenship for an individual is synonymous with the person's domicile." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009)). The Fifth Circuit has determined LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). Other sections of the Eastern District court have concluded that a constituent member of LIGA has Louisiana citizenship; thereby, LIGA adopts the citizenship of

---

[1]     *See* R. Doc. 1
[2]     *Id.* at 2 ¶ 3
[3]     *Id.*
[4]     *See generally* R. Doc. 23-2.

Louisiana. *See, e.g.*, *Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (Vitter, J.); *Andry v. United Property and Casualty Ins.*, No. 2:22-04544, 2023 WL 6442866, at *1 (E.D. La. Oct. 3, 2023) (Fallon, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (Morgan, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

Plaintiff's Memorandum in Support of Motion for Leave acknowledges that both LIGA and Plaintiff are citizens of Louisiana for purposes of federal diversity jurisdiction, and thus, that jurisdiction under 28 U.S.C. § 1332 is destroyed:

> "LIGA and Plaintiff are both citizens of and domiciled in Louisiana. Therefore, should this Honorable Court grant Plaintiff's request for Leave to file the First Supplemental and/or Amended Complaint, Plaintiff submits this Honorable Court would no longer have subject matter jurisdiction. Nonetheless, as LIGA is now an indispensable party, this Honorable Court should grant Plaintiff's request for leave to file the First Supplemental and/or Amended Complaint, adding LIGA . . ."[5]

However, Plaintiff's Memorandum in Support of Motion for Leave then moves the Court to "remand this matter *sua sponte* to the 24th Judicial District Court for the Parish of Jefferson."[6]

Unfortunately, remand is impossible in this case. *See* 28 U.S.C. § 1447(c), (d) (describing "remanding a case to the State court from which it was removed"); *see also Evanston Ins. Co. v. Marine Safety Servs.*, LLC., No. 055244, 2006 WL 1560823, at *1 (E.D. La. May 18, 2006) ("The Court has no authority to remand this case because it did not originate in state court."). Where LIGA's addition as a party to a federally filed complaint has stripped subject matter jurisdiction, district courts in this circuit have dismissed the case without prejudice. *See Buras v. United Prop.*

---

[5]   *Id.* at 2.
[6]   *Id.*

*& Cas. Ins. Co.*, No. 22-4286, 2023 WL 7412914, at *1 (E.D. La. Nov. 9, 2023) ("[C]omplete diversity no longer exists between the parties, and the Court may no longer assert diversity jurisdiction over this action."); *Garel v. S. Fid. Ins. Co.*, No. 22-5304, 2023 WL 7412916, at *1 (E.D. La. Nov. 9, 2023) ("Plaintiff has identified no other basis for the Court to continue asserting subject matter jurisdiction over this matter, and the Court has found none. Thus, having determined that it lacks subject matter jurisdiction, the Court must dismiss this action."); *Chatman v. Maison Ins. Co.*, No. 22-1055, 2024 WL 347889 (M.D. La. Jan. 30, 2024); *Perry v. Weston Prop. & Cas. Ins. Co.*, No. 2:22-2618, 2023 WL 5958120 (W.D. La. Aug. 21, 2023), *report and recommendation adopted*, No. 2:22-2618, 2023 WL 5942306 (W.D. La. Sept. 12, 2023); *but see Pousson v. S. Fid. Ins. Co.*, No. 6:22-4717, 2024 WL 251157 (W.D. La. Jan. 23, 2024) (denying dismissal where LIGA was named a defendant through party substitution, not complaint amendment).

Here, Plaintiff's First Supplemental and Amended Complaint, ordered to be filed into the record *supra*, pursues an action grounded on diversity jurisdiction but without diversity of parties. Parties have identified no other jurisdictional basis for the action. As such, this case must be dismissed without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 16th day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE